24-2890-cv
*Dieng v. New York City NYPD*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

PRESENT:
>ROBERT D. SACK
>BETH ROBINSON,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

BABACAR DIENG,

>>*Plaintiff-Appellant*,

>>v.                                                                No. 24-2890

NEW YORK CITY NYPD, NEW YORK CITY FDNY, and THE CITY OF NEW YORK,

>>*Defendants-Appellees*.[*]

_____

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

_____

FOR PLAINTIFF-APPELLANT:  Babacar Dieng, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:  Ian M. Sinclair, Assistant Corporation Counsel, (Deborah A. Brenner, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Subramanian, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Babacar Dieng, representing himself *pro se*, appeals the district court's judgment dismissing his complaint, brought under 42 U.S.C. § 1983 and the New York State Human Rights Law (NYSHRL), against the New York City Police Department, the New York City Fire Department, and the City of New York (collectively, "the City"). Dieng alleged that for more than two decades, the NYPD, the FDNY, and campus security of various academic institutions tracked,

harassed, surveilled, and intimidated him in violation of his constitutional rights and the NYSHRL. The City moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Dieng's amended complaint. The district court granted the City's motion, agreeing that Dieng failed to state a claim. *Dieng v. New York City NYPD*, No. 24-CV-1834, 2024 WL 4593607, at *3 (S.D.N.Y. Oct. 28, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's dismissal of a complaint pursuant to Rule 12(b)(6) without deference to the district court's reasoning. *See City of Pontiac General Employees' Retirement System v. MBIA*, 637 F.3d 169, 173 (2d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (emphasis added).[1] Because Dieng "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

For substantially the reasons identified by the district court, we agree that Dieng failed to state a plausible claim. Dieng alleged that the NYPD, the FDNY, and the campus security of numerous academic institutions were engaged in a decades-long surveillance, harassment, and intimidation campaign specifically directed at him. However, as the district court explained, Dieng's *factual* allegations "reflect the everyday experience of New Yorkers who live and work in close proximity to others, and where not only police officers and firefighters, but also street vendors, taxis, dogwalkers, sanitation trucks—you name it—are around every corner." *Dieng*, 2024 WL 4593607, at \*1. He has not alleged any specific facts to show that his rights were violated by any defendant.

We have considered all of Dieng's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4